UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20303-CIV-SEITZ/O'SULLIVAN

LOURDES BLANCO,

    Plaintiff,

v.

TRANSATLANTIC BANK,

    Defendant.

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendant's Revised and Verified Motion for Attorneys' Fees and Costs (DE # 158, 2/20/09). This motion was referred to the undersigned by the Honorable Patricia Seitz pursuant to 28 U.S.C. §636(b). Having carefully considered the motion, the response and reply thereto, the court file, and the applicable law, the undersigned respectfully recommends that the Defendant's Revised and Verified Motion for Attorneys' Fees and Costs (DE # 158, 2/20/09) be **GRANTED in part** and **DENIED in part** as more fully described below.

## BACKGROUND

The plaintiff filed this lawsuit pursuant to the Family and Medical Leave Act (hereinafter "FMLA") and Florida Whistleblower's Act (hereinafter "FWA"). On June 18, 2008, the District Court entered an Order Granting Defendant's Motion for Summary Judgment (DE # 133) and Final Judgment (DE #134) on both the FMLA and FWA claims. On February 9, 2009, the District Court entered an Order Denying Plaintiff's Motion to Alter or Amend Judgment (DE # 152). The defendant filed the instant motion on February 20, 2009, (DE #158). The plaintiff filed a response to the Defendant's

Revised and Verified Motion For Attorneys' Fees and Costs on April 6, 2009 (DE #171). The defendant filed a reply on April 30, 2009 (DE # 175). The defendant seeks an award of attorneys' fees in the amount of $240,083.00 and seeks an award of costs in the amount of $12,164.14.

## ANALYSIS

I. Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." A 'prevailing party' for the purposes of Rule 54(d)(1) is a party in whose favor judgment is rendered, regardless of the amount of damages awarded. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). The defendant is the prevailing party in the case at bar because the Court entered an Order Granting Defendant's Motion for Summary Judgment (DE # 133, 6/18/2008) and Final Judgment (DE #134, 6/18/2008) in favor of the defendant and against the plaintiff. Also, the Court entered an Order Denying Plaintiff's Motion to Alter or Amend Judgment (DE # 152, 2/9/2009). The defendant is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920. A court is limited to taxing only those costs specifically authorized by statute. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Specific costs which may be awarded are set forth in Rule 54, Fed.R.Civ.P., and 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

>    (1) Fees of the clerk and marshal;
>
>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under § 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  Trial courts are accorded great latitude in ascertaining taxable costs, however, absent explicit statutory authorization, federal courts are limited to taxing costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2001).

The plaintiff has made no objections to the allowance of any of the defendant's requested costs.  The undersigned recommends the following costs be awarded.

   A.  Fees for the Service of Subpoenas

The defendant requests $322.00 in costs associated with fees for the service of subpoenas .  28 U.S.C. § 1920(1) allows for the taxing of "fees of the clerk and marshal."  The Eleventh Circuit has held that "private process server fees may be taxed pursuant to § 1920(1).  W&O, 213 F.3d at 624.  28 U.S.C. § 1920(1) does not,

however, specifically provide for the recovery of costs incurred as a result of rush service of subpoenas. The defendant, in its Bill of Costs, requested $122.00 for "Rush Service of Subpoena Duces Tecum for Deposition and Documents on Beatriz Ferreiro" (DE # 159 at p. 5, 2/20/2009). The $122.00 included a $45.00 witness fee and a check fee of $2.00. Id. The undersigned recommends that the defendant not recover the additional $75.00 in costs incurred to rush the subpoena. The undersigned recommends that the defendant be awarded costs associated with fees for the service of subpoenas in the amount of $247.00.

    B.  <u>Fees of the Court Reporter</u>

The defendant requests $7,566.00 in costs associated with fees of the court reporter. 28 U.S.C. §1920(2) allows for the recovery of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." The plaintiff does not object to these costs, and the undersigned finds that the deposition transcripts for which costs are requested were necessarily obtained for use in the case. The undersigned recommends that the defendant be awarded costs associated with fees of the court reporter in the amount of $7,566.00.

    C.  <u>Fees for Exemplification</u>

The defendant requests $4,276.14 in fees for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C § 1920(4) allows for recovery of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The defendant requests reimbursement in the amount of $4,141.00 (16,564 copies at $0.25 per page)

4

for in-house copying charges.  The undersigned finds that a rate of $0.25 per page is excessive and that a reduction in the cost of in-house copy charges to $0.10 per page is appropriate.  See James v. Wash Depot Holdings, Inc. 242 F.R.D. 645 (S.D. Fla 2007)(finding that $0.10 per page is a reasonable copying cost in the Southern District of Florida).  The defendant should only recover $1,656.40 for in-house copying charges.  The undersigned recommends that the defendant receive a total reimbursement for photocopy costs in the amount of $1,791.54.

In accordance with the foregoing, the undersigned recommends a total cost award of $9,604.54.

II. Attorneys' Fees

    A.  Entitlement to Attorneys' Fees

The FWA states that "a court may award reasonable attorney's fees, court costs, and expenses to the prevailing party."  Fla. Stat § 448.104 (2009).  The plaintiff contends that courts are reluctant to award attorneys' fees to a prevailing defendant in FWA cases absent a showing that the case was frivolous.  The plaintiff relies on Bell v. Georgia-Pacific Corp., 2005 WL 1618223 (M.D. Fla. 2005) (denying a prevailing defendant's request for attorneys' fees in an FWA case while noting that the plaintiff's suit was not frivolous) and on New World Commc'ns v. Akre, 866 So. 2d 1231 (Fla. 2d DCA 2003) (denying a prevailing defendant's request for attorneys' fees in an FWA case at the appellate level).  In Bell v. Georgia-Pacific Corp., 2005 WL 1618223 (M.D. Fla. 2005), however, the court noted that "a prevailing defendant is *not* required to show that the plaintiff's case was frivolous to be awarded its attorney's fees."  Bell, 2005 WL

1618223 at *1(emphasis added).  Similarly, in New World Commc'ns v. Akre, 866 So. 2d 1231 (Fla. 2d DCA 2003), the court disagreed with the contention that, under the FWA, a plaintiff's claim must be frivolous for a prevailing defendant to recover attorneys' fees, such as is required under Title VII of the Civil Rights Act of 1964.  See Akers 866 So. 2d at. 1235.  In cases arising under Title VII of the Civil Rights Act of 1964, the Supreme Court has held that fees should be awarded to a prevailing defendant only when a plaintiff's claims were "frivolous, unreasonable, or without foundation."  Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412 (1978).  Courts that have addressed the issue have routinely concluded that the Christiansburg requirement of frivolity does not apply to fee awards stemming from the FWA.  See Gamb v. Hilton Hotels Corp., No. 95-466-CIV-ORL-19, 1997 WL 893874 at *2 (M.D. Fla. 1997), aff'd, 132 F.3d 46 (11th Cir. 1997); McGregor v. Bd. of County Comm'rs for Palm Beach County, Fla., 130 F.R.D. 464 (S.D. Fla. 1990), aff'd, 965 F.2d 1017 (11th Cir. 1992); New World Commc'ns v. Akre, 866 So. 2d 1231, 1235 (Fla. 2d DCA 2003).  Accordingly, as the defendant prevailed in the case at bar, the defendant is entitled to receive attorneys' fees subject to the discretion of the Court with no additional requirement of a showing of frivolity of the plaintiff's claim.

An award of attorneys' fees in an FWA case is discretionary, not mandatory. See Bell v. Georgia-Pacific Corp., 2005 WL 1618223, *1 (M.D. Fla. 2005).  Although there is no requirement of frivolity of a plaintiff's FWA claim in order for a prevailing defendant to recover attorneys' fees, frivolity of the claim is a factor that the court *may* consider when exercising its discretion to award fees.  See Id. at *1 (emphasis added).

6

Additionally, the Eleventh Circuit has articulated that "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees." Sherry Mfg. Co. v. Towel King of Florida, Inc., 822 F.2d 1031, 1034 (11th Cir. 1987). Sherry further states, however, that a finding that a plaintiff is in good faith would not mandate a denial of fees since it is not a precondition to an award to show that the losing party acted in bad faith or brought a frivolous claim. Id. at 1035. Although Sherry specifically addressed the awarding of attorney's fees to a prevailing defendant in a copyright case, the Southern District of Florida has utilized the Sherry court's reasoning in declining attorneys' fees to a prevailing defendant in an FWA case. See James v. Wash Depot Holdings, Inc., 489 F.Supp. 2d 1336 (S.D. Fla. 2007).

In James, 489 F.Supp. 2d 1336, the court determined that, although the plaintiff had failed to state a prima facie case on his FWA claim, the prevailing defendant was not entitled to attorneys' fees because the plaintiff's legal position had arguable legal merit due to the plaintiff's establishment of an underlying violation of the law by prevailing on his Fair Labor Standards Act overtime claim. See Id. at 1339. In the instant matter, as in James, the plaintiff failed to state a prima facie case of retaliation under the FWA. See Order Granting Defendant's Motion for Summary Judgment (DE # 133 at 15, 6/18/08). Unlike James, however, the plaintiff in the instant matter failed to provide any evidence that her employer, the defendant, violated any underlying law, rule, or regulation. See Id. In addition, the plaintiff admitted that the defendant never made any comments or engaged in any conduct that she believed indicated that she

7

was separated from her employment as a result of her alleged whistle-blowing (DE # 133 at 16).  The defendant also gave a legitimate business reason for the plaintiff's termination, which the plaintiff was unable to show was pretext.  Id.  These considerations, combined with the fact that the defendant prevailed on summary judgment, weigh heavily in favor of the Court utilizing its discretion to award attorneys' fees to the prevailing defendant.  Although the Court is not making a finding as to whether the plaintiff's claim was frivolous or made in bad faith, the undersigned finds that an award of attorneys' fees to the prevailing defendant is justified in this case due to the considerations listed above.

    B.  Amount of Fee Award

Having determined that the defendant is entitled to an award of attorneys' fees incurred in connection with the defense of this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorneys' fee award, the Court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Henesley v. Eckhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorneys' fee.  See Blum v. Stenson, 465 U.S. 886, 888 (1084).

    1.  Reasonable Hourly Rate

The Court must first evaluate the defendant's requested fee in terms of the

appropriate hourly rate.  In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum, 465 U.S. at 886.  Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  Norman, 836 F.2d at 1299.  In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D. Ala. 1993).

The defendant requests an hourly rate of $365.00 and $390.00 for Annette Torres, $235.00 and $250.00 for Arturo Fernandez, $390.00 for Susan Toepfer, $325.00 for Martin Simkovic, $340.00 for Sharon Lee Johnson, $200.00 for Bayardo Aleman, $195.00 for Brett S. Bietz, and $250.00 for Abigail Kofman.  The defendant also requests an hourly rate of $130.00 and $140.00 for the services of paralegal Marjorie Wilkoff.   The defendant supports its hourly rate request with the opinion of an

expert witness, Jose O. Diaz of the Diaz Law Firm, P.A. (Ex. D, DE # 158, 2/20/2009). The defendant's expert, Jose O. Diaz, indicates in his affidavit that he is " familiar with the billing rates customarily charged in South Florida for defending federal court claims of unlawful employment discrimination, harassment and retaliation" and that "the hourly rates charged by each of the attorneys in the defense of the . . . action are within the range of reasonable rates charged . . . by attorneys with similar skills, reputation and experience." See "Revised and Updated Declaration of Jose O. Diaz", (Ex. D, DE # 158, 2/20/2009).  Mr. Diaz further indicates that "the hourly rate charged by Paralegal Marjorie K. Wilkoff ($130.00 and $140.00 / hour) is within the range of reasonable rates charged in the South Florida legal community." Id.  The plaintiff made no objections to the hourly rates requested by the defendant.  Having considered and weighed the evidence, counsels' reputation and experience and the areas of the applicable law and the Court's familiarity with attorneys' fees in general, and the fact that the plaintiff does not object to the requested hourly rates, the undersigned finds that the hourly rates requested by the defendant are reasonable.

           2.  Hours Reasonable Expended

The Court must next evaluate the defendant's requested fee for reasonableness in terms of the total hours expended by the defendant's counsel.  The defendant's motion requests reimbursement for a total of 864.30 hours of work, which is apportioned among the attorneys and staff as follows: 301.90 hours by Annette Torres; 338.70 hours by Arturo Fernandez; 16.60 hours by Susan Toepfer; 2.50 hours by Martin S. Simkovic; 0.50 hours by Sharon Lee Johnson; 26.80 hours by Bayardo

Aleman; 25.20 Hours by Brett S. Bietz; 3.50 hours by Abigail Kofman; and 148.60 hours by paralegal Marjorie K. Wilkoff.  The defendant supports its motion by submitting itemized time sheets.

The plaintiff and the defendant disagree on whether the defendant should have to differentiate between fees earned defending the plaintiff's FWA claim and fees earned defending the plaintiff's FMLA claim (which does not provide for the awarding of attorneys' fees).  The defendant relies on Eleventh Circuit precedent that when facts supporting all causes of action are so intertwined that apportionment is not feasible, the court may award the prevailing party all attorney's fees.  See Davis v. Locke, 936 F.2d. 1208 (11th Cir. 1991).  The plaintiff contends that, under Hensley v. Eckerhart, 461 U.S. 424 (1983), the defendant was required to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437. Hensley v. Eckerhart, 461 U.S. 424 (1983), further states, however, that there are cases where:

> [T]he plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.

Hensley, 461 U.S. at 435.  In the instant matter, the plaintiff's FWA and FMLA claims contained substantial overlap in terms of testimony, documents, and evidence.  Additionally, retaliation claims under the FWA are analyzed under the same legal framework as FMLA retaliation claims.  See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000); see also Bell v. Georgia-Pacific Corp., 290 F.Supp. 2d 1182, 1187-88 (M.D. Fla. 2005).  In both an FWA and

11

FMLA claim, a court also applies the same burden-shifting framework articulated in McDonnel Douglas Corp. v. Green, 411 U.S. 792 (1973). Because the causes of action were intertwined, the undersigned recommends that the defendant's requested fees not be reduced as a result of failing to differentiate between time spent defending the FMLA and FWA claims.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988). It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills. See Hensley, 461 U.S. at 437. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of his/her time expenditures. Hensley, 461 U.S. at 437. If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York city Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

Because the fees requested are voluminous, this Court is not required to engage in an hour-by-hour analysis. Loranger v. Stierheim, 10 F.3d 776, 783

(11th Cir. 1994); Trujillo v. Banco Central del Ecuador, 229 F. Supp. 1369, 1375 (S.D. Fla. 2002); cf. Norman, 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." Loranger, 10 F.3d at 783. The rule in Loranger differs from the rule articulated in Norman. Trujillo, 229 F. Supp. at 1375. "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed." Id. (citing Norman, 836 F. 2d at 1304).

Reductions in the amount of requested fees are warranted in accordance with the following and for the reasons stated below. There is a considerable amount of block billing where tasks were improperly clumped together. In such instances, the undersigned is unable to discern exactly how much time was spent on each task, and likewise, is unable to determine whether the time spent was reasonable. The following excerpts from the defendant's billing records are provided in order to illustrate the lack of specificity and inclusion of multiple tasks in the same entry without any breakdown of the actual time incurred for each task:

13

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 10/22/07 | AT | 2.20 | Exchange e-mail communications with opposing counsel regarding pending discovery issues; telephone conference with opposing counsel regarding same; analysis of potential ERISA violation as basis for Plaintiff's Whistleblower claim; review and analysis of preliminary coverage analysis by Progressive regarding Plaintiff's whistleblower claim; telephone conference with B. Brugueras regarding [redacted]; review and analysis of documents regarding Plaintiff's whistleblower claim |
| 1/4/08 | AT | 6.80 | Exchange e-mail communications with B. Brugueras regarding [redacted]; review and analysis of documents for depositions of TransAtlantic Bank executives; prepare memorandum of law regarding Plaintiff's Whistleblower claim; review Plaintiff's motion for trial time certain; exchange e-mail communications with opposing counsel regarding same |
| 3/10/08 | MKW | 0.80 | Prepare letter to court reporter enclosing notarized version of Mark Snelling's errata sheet and Virginia Pena's errata sheet; review Ms. Pena's errata sheet and confer with Arturo Fernandez re [redacted] |
| 6/03/08 | BEA | 3.00 | Research limits to damages recoverable under FMLA and FWA; Continued research on admissibility of "me-too" evidence |

Also, there are tasks performed by more than one attorney. Examples of tasks performed by more than one attorney include the following:

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 10/17/07 | AT | 1.60 | Prepare for Plaintiff's continued deposition |
| 10/17/07 | AJF | 1.80 | Continued work on deposition outline for Plaintiff's continued deposition |

14

| 11/15/07 | AT  | 3.60 | Review and analysis of documents in preparation for Plaintiff's deposition |
| --- | --- | --- | --- |
| 11/15/07 | MKW | 1.00 | Prepare for continued deposition of plaintiff |
| 11/16/07 | AT  | 4.80 | Prepare for Plaintiff's continued deposition |
| 11/16/07 | MKW | 3.00 | Review exhibits and final preparation for deposition of plaintiff |
| 11/27/07 | AT  | 7.00 | Prepare for and conduct deposition of Plaintiff; |
| 11/27/07 | MKW | 6.00 | Preparation for and attendance at deposition of Lourdes Blanco |

The undersigned finds a reduction of 20% of the attorney fees requested in defendants's motion is appropriate. The 20% reduction is applied to account for the block billing entries and the tasks performed by more than one attorney. Applying the 20% reduction to the $240,083.00 requested by the defendant results in a recommended award of $192,066.40 for all fees requested in the defendant's motion.

## **RECOMMENDATION**

For all of the foregoing reasons, the undersigned recommends that the Defendant's Revised and Verified Motion for Attorneys' Fees and Costs (DE # 158, 2/20/09) be GRANTED in part and DENIED in part and the defendant be awarded costs in the amount of $9,604.54 and attorneys' fees in the amount of $192,066.40.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual

findings contained herein.  See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

    RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 11th day of June, 2009.

                                      _____
                                      JOHN J. O'SULLIVAN
                                      UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Court Judge Seitz
All counsel of record