UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20303-CIV-SEITZ/O'SULLIVAN

LOURDES BLANCO,

    Plaintiff,

v.

TRANSATLANTIC BANK,

    Defendant.
_____/

## ORDER AFFIRMING IN PART REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation [DE 177] of the Honorable John J. O'Sullivan, United States Magistrate Judge. Judge O'Sullivan recommends that the Court grant in part and deny in part Defendant TransAtlantic Bank's ("TAB") Motion for Attorneys' Fees and Costs [DE 158], and grant TAB $9,604.54 in costs and $192,066.40 in fees.[1]

Although Plaintiff Blanco does not object to the recommended costs award, she does object to the recommended fee award on several grounds. First, Blanco argues that the Report's recommended fee award is an abuse of discretion because it overlooks the remedial purposes of the Florida Whistleblower Act ("FWA") and the parties' obvious financial disparity. Second, Blanco asserts that, in assessing TAB's entitlement to fees, the Report incorrectly declares that she provided no evidence, as an element of her FWA claim, that TAB violated any law, rule or regulation. Third, Blanco contends that the Report is internally inconsistent in considering TAB's victory at summary judgment as an additional, independent justification for TAB's entitlement to fees. Finally, in an attempt to reargue previously-resolved issues, Blanco takes issue with the Report's use of the Court's holdings in the Order on Summary Judgment [DE 133].

After reviewing the thoughtfully prepared Report, the objections and responses thereto, the applicable law, and conducting a de novo review of the record, the Court will affirm the Report as to the recommended costs award and affirm TAB's entitlement to fees, but reduce the fee award to fees incurred from July 1, 2008, the date Blanco moved for reconsideration, until December 31, 2008. Given the remedial nature of the FWA,

---

[1] TAB originally sought a fee award of $240,083.00 and a costs award of $12,164.14.

the parties' wealth disparity as reflect in the record, and the lack of evidence of Blanco's bad-faith, TAB is not entitled to a $192,066.40 fee award. However, TAB is entitled to fees generated by Blanco's attempts to re-litigate issues resolved at summary judgment. Therefore, the Court will award TAB's fees incurred between July 1, 2008 and December 31, 2008.

I.     **Procedural Background**

Blanco's original and first amended complaint asserted a Family Medical Leave Act ("FMLA") retaliation claim against TAB for allegedly terminating Blanco in response to her use of unpaid leave time. On October 19, 2007, the Court granted Blanco leave to file a second amended complaint to add her FWA claim.[2] On TAB's motion for summary judgment, the Court ruled that Blanco failed to establish either an FMLA or FWA violation. As to her FWA claim, the Court held that: (1) Blanco did not demonstrate that TAB violated a law, rule or regulation; and (2) there was no causal connection between her retirement benefits plan complaints and her termination. (*See* DE 133 at 15-16.) Blanco moved for reconsideration of the summary judgment order, which the Court denied because she did not show an intervening change in controlling law or prejudicial error.[3] (*See* DE 152.) On February 20, 2009, TAB filed its motion for fees and costs, seeking a fee award of $240,083.00 and a costs award of $12,164.14. (*See* DE 158.)

II.    **Relevant Standards**

The FWA instructs that "a court may award reasonable attorney's fees, court costs and expenses to the prevailing party." Fla. Stat. §448.104. While the FWA vests the Court with discretion to grant fees to the prevailing party, see *New World Communications of Tampa, Inc. v. Akre*, 866 So.2d 1231, 1235 (Fla. 2d DCA 2003), a review of the relevant case law suggests that the following non-exhaustive factors should guide the Court's discretion:[4] (1) the scope and history of the litigation, including whether the Plaintiff continued to

---

[2] On September 28, 2007, along with her motion for leave to amend, Blanco filed her second amended complaint. TAB seeks fees beginning from this date.

[3] Blanco appealed this order, see DE 167, however, her appeal was dismissed for lack of prosecution. (*See* DE 182.) Her motion to reinstate the appeal was subsequently denied. (*See* DE 188.)

[4] The Court gleans this non-exhaustive framework from the FWA and other Florida fee statutes providing courts broad discretion to award fees. See Fla. Stat. §§ 501.2105, 61.16, 448.104. The Florida Supreme Court originally articulated this framework to determine fee awards in domestic relations disputes. S*ee Rosen v. Rosen*,

prosecute the action despite the presence of an efficient resolution to the case;[5] (2) the parties' wealth disparity;[6] (3) whether an award of fees would frustrate the FWA's remedial purpose by deterring worthy claimants;[7] (4) whether the opposing party's case was meritorious or frivolous;[8] and (5) whether the opposing party acted in good or bad faith.[9]

## III. Discussion

### A. Entitlement to Fees

#### 1. Scope and History of Litigation

From the date Blanco filed her FWA claim to the Court's order on summary judgment, both parties generated substantial fees litigating this dispute. The parties' court-mandated mediation resulted in an impasse, and there is no indication that either side made voluntary efforts to resolve the dispute prior to summary judgment. (*See* DE 126.) After summary judgment, however, Blanco has attempted to re-litigate issues already decided and to raise unavailing legal arguments, thereby escalating the fees billed and resources expended in this case.

For example, without conferring with TAB as required by S.D. Fla. L.R. 7.1, Blanco moved to reconsider the order on summary judgment. (*See* DE 135.) The bulk of her motion sought to re-litigate her

---

696 So.2d 697, 700 (Fla. 1997). Thereafter, Florida courts applied this framework for fee requests made under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), which provides trial courts discretion analogous to the FWA's fee statute. *See Humane Soc. of Broward County, Inc. v. Florida Humane Soc.*, 951 So.2d 966, 971 (Fla. 4th DCA 2007) (rejecting application of Title VII fee inquiry in favor of broader framework); *see also Colomar v. Mercy Hosp., Inc.*, 2008 WL 4459383, *2 (S.D. Fla. Sept. 29, 2008) (applying FDUTPA factors to deny request for fees by prevailing party).

[5] *See Stone v. Geico General Ins. Co.*, 2006 WL 3333674 *4 (M.D. Fla. Nov. 16, 2006) (applying Florida offer of judgment fee shifting provision to FWA fee inquiry); *see also Colomar*, 2008 WL 4459383 *2 (stating that opposing party did not "unreasonably multipl[y] . . . expenses").

[6] *Bell v. Georgia-Pacific Corp.*, 2005 WL 1618223 *1 (M.D. Fla. July 6, 2005).

[7] *Bell*, 2005 WL 1618223 at *1.

[8] *Akre*, 866 So.2d at 1235; *Bell*, 2005 WL 1618223 at *1; *James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1336, 1340 (S.D. Fla. 2007)

[9] *James*, 489 F.Supp.2d at 1339 (citing *Sherry Mfg. Co. v. Towel King of Fla.*, 822 F.2d 1031, 1034 (11th Cir. 1987)).

FWA claim without reference to new evidence or clear error in the Court's summary judgment order. (*See* DE 152 at 5.) Further, Blanco proffered new legal arguments, some of which were available to her at summary judgment, which neither altered her FWA claim's legal framework nor augmented its evidentiary support. (*See id.* at 2-4.) Blanco ultimately appealed the Court's rulings, but her appeal was dismissed for lack of prosecution. Undaunted by the Court's previous orders, and the procedural posture of the case, Blanco now objects to the Report's references to the Order on TAB's Motion for Summary Judgment because she believes that "the record is replete with evidence . . . to survive summary judgment." (*See* DE 180 "Objections" at 3; DE 184 at 2-4.)

Blanco's relentless attempts to re-litigate her FWA claim before this Court only prompts TAB to defend and multiply its fees in the process. Indeed, TAB devoted a substantial portion of its response to Blanco's objections to disentangling Blanco's legal and inaccurate factual arguments aimed at the Court's summary judgment ruling. (*See* DE 183 "Response to Objections" at 6-15.) While the scope of TAB's exhaustive analysis was largely unnecessary, Blanco's arguments needlessly provoke TAB's hand. Accordingly, the length and scope of the litigation, particularly since the entry of summary judgment, weighs in favor of awarding fees to TAB.

### B. Whether Blanco's Case Lacked Merit or Was Made in Bad Faith

To be sure, Blanco failed to establish a prima facie FWA claim. At summary judgment, Blanco failed to demonstrate that TAB violated any law, rule, or fiduciary obligation, nor could she show any connection between her 401(k) complaints and her termination. (*See* DE 133 at 15-16.) As noted in the Report, and contrary to Blanco's objection, the fact that TAB moved for, and prevailed on, summary judgment instead of leaving the claim for trial serves as independent evidence that Blanco's FWA claim lacked merit. (*See* Report at 8.) However, while Blanco's FWA claim lacked merit, there is no evidence to show that the claim was made in bad faith. Indeed, the Report expressly disclaims a finding of bad faith. (*See id.*) Thus, the merit and bad faith factors are in equipoise.

### C. Wealth Disparity and the FWA's Remedial Purpose

TAB asks the Court to ignore the parties' wealth disparity because Blanco purportedly failed to raise the issue with Magistrate Judge O'Sullivan. However, in her response to TAB's motion, Blanco specifically cited the *Bell* court's denial of fees where "there existed a 'gross disparity in the [parties'] resources . . . .'" (*See* DE 171 at 2.) Blanco also noted that "[t]he $240,000.00 sought by Transatlantic dwarfs the $94,000.00 sought by the attorneys in *Bell*." (*See id.* at n.1.) While a more elaborate explanation of Blanco's financial condition would be useful, Blanco's response is not so inadequate that it precludes consideration of the parties' wealth disparity.

In the alternative, TAB contends that Blanco bears the burden to show wealth disparity and failed to make such a showing. However, the cases TAB cites apply the Title VII fee inquiry or the Court's inherent power to impose sanctions for bad faith conduct. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F.Supp.2d 1328, 1336 (M.D. Fla. 2002); *Wakefield v. Sears, Roebuck and Co.*, 2008 WL 686914 *2 (S.D. Fla. March 11, 2008). Unlike *Scelta*, TAB's fee request does not involve Title VII, and, unlike *Wakefield*, there is no evidence that Blanco proceeds in bad faith. To be sure, the Title VII fee inquiry is inapplicable to the FWA. *See Akre*, 866 So.2d at 1235 (rejecting application of the Title VII fee inquiry in FWA cases). Applying the FWA, as this Court must do, the *Bell* court deduced that the wealth disparity between Georgia-Pacific Corporation and its former employee was "obvious[ly] gross." *Bell*, 2005 WL 1618223 *1. Similarly, the wealth disparity between Blanco and TAB is patent from the record.

TAB hired Blanco on August 15, 1988, and her salary at the time of termination eighteen years later was $63,000. (*See* DE 92, Ex. 7 "Brugueras Decl." ¶ 8; DE 92, Ex. 8 "Lopez Decl." ¶ 10; DE 92, Ex. 1 "Blanco Depo." at 35-36.) TAB, by contrast, saved approximately $382,738 alone when implementing the reduction in force in which Blanco lost her job. (*See* Lopez Decl. ¶ 10.) Furthermore, as of May 17, 2007, Blanco sought but had not obtained new employment. (*See* DE 158, Ex. 2 "Response to Interrogatories" at 9-11, 23-25.) This evidence of wealth disparity also raises concerns about a $192,066.40 fee award's impact on the remedial ideals of the FWA. Indeed, "an award of [] fees in the magnitude sought by the Defendant could have an unwarranted 'chilling' affect upon other worthy individual claimants." *Bell*, 2005 WL 1618223 *1.

To be sure, the chilling affect threatened by a $192,066.40 fee award is significantly greater than the potential impact of the $94,888.50 fee award denied in *Bell*. Therefore, the parties' apparent wealth disparity and the remedial purpose of the FWA counsel in favor of denying fees to TAB.

Upon due consideration of the circumstances discussed above, the Court will affirm TAB's entitlement to fees, but reduce the award to TAB's fees incurred between July 1, 2008, the date Blanco moved for reconsideration, and December 31, 2008. TAB marshaled a vigorous defense to Blanco's FWA claim which proved meritless at summary judgment. Afterwards, however, Blanco repeatedly attempted to re-litigate her FWA claim without regard to the fees incurred and resources expended by all parties involved. She failed to confer with TAB prior to moving for reconsideration and used her objections to the Report as a platform to attempt, once again, to resurrect failed arguments. Despite her costly litigation strategy, no evidence supports a finding that she acted in bad faith. Finally, the parties' wealth disparity and the FWA's remedial purpose militate against affirming the $192,066.40 fee award TAB seeks. Although the Court is not blind to the burdens TAB has borne in defending this action, a $192,066.40 fee award would work a disservice to the FWA's remedial purpose.

### B. Amount of Fee Award

The Report found TAB's attorneys' hourly rates to be reasonable. (*See* Report at 10.) The Report also recommends that, because Blanco's FMLA and FWA causes of action were intertwined, TAB's fees should not be reduced for failing to differentiate between time spent defending the FMLA and FWA claims. (*See id.* at 12.) Finally, the Report imposed a 20% reduction to TAB's requested fee award due to TAB's attorneys' improper block billing. (*See id.* at 15.) Noting no objections to these recommendations, the Court concurs and will implement them in calculating the fees TAB incurred between July 1, 2008 and December 31, 2008.

Blanco moved for reconsideration on July 1, 2008. (*See* DE 135.) From that date to December 31, 2008, TAB's verified billing records reflect that it generated $16,203.50 in fees. Applying the 20% reduction imposed by the Report, TAB is entitled to $12,962.80 in fees.

### IV. Conclusion

As discussed above, the Court will affirm TAB's entitlement to fees, but reduce the fee award to

$12,962.80. Given that Blanco does not object to the Report's $9,604.54 recommended costs award, the Court will affirm it without modification. Accordingly, it is hereby

ORDERED that

(1) Magistrate Judge O'Sullivan's Report and Recommendation [DE 177] is AFFIRMED IN PART.

(2) TAB's Motion for Attorneys Fees and Costs [DE 158] is GRANTED IN PART.

(3) The Court will concurrently enter judgment in favor of TAB and against Blanco for $12,962.80 in fees and $9,604.54 in costs.

DONE AND ORDERED at Miami, Florida, this 28th day of August, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge John J. O'Sullivan
Counsel of Record